ORDERED in the Southern District of Florida on February 2, 2006.





Steven H. Friedman, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

JAMES PIELET,                          CASE NO. 04-32902-BKC-SHF
                                                   CHAPTER 7 Proceeding

         Debtor.
_____/

### ORDER GRANTING DOROTHY AND ROBERT PIELET'S MOTION TO RECONSIDER ORDER GRANTING DEBTOR'S MOTION FOR RECONSIDERATION OF MOTION TO TRANSFER CASE TO THE NORTHERN DISTRICT OF ILLINOIS

THIS CAUSE came before the Court on August 9, 2005 upon Dorothy and Robert Pielet's Motion to Reconsider Order Granting Debtor's Motion for Reconsideration of Motion to Transfer Case to the Northern District of Illinois, for reconsideration of the Court's April 28, 2005 Order Granting Motion for Reconsideration of Motion to Transfer Case to the Northern District of Illinois and Determining the Southern District of Florida to be the Appropriate Venue. Counsel for the Movant, the Debtor, the Chapter 7 Trustee, and the United States of America

1

were present either in person or by telephone. For the reasons set forth below, the Court **grants** the motion for reconsideration and determines that the above-styled case shall be transferred to the Northern District of Illinois.

The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 15, 2004. On September 14, 2004, Dorothy and Robert Pielet, creditors and parties in interest in James Pielet's estate, filed a motion to transfer venue from the Southern District of Florida to the Northern District of Illinois ( Dorothy and Robert Pielet's Motion to Transfer Venue C.P. 43). The Motion to Transfer Venue was heard on October 19, 2004. The court was persuaded by the arguments made by Dorothy and Robert Pielet and found that the transfer of venue would serve in the interest of justice as well as for the convenience of the parties. The Court determined at the hearing on October 19, 2004 that the location of an overwhelming majority of James Pielet's creditors and business ventures, as well as the various litigants in the James Pielet estate, is Illinois. On November 8, 2004, the court entered an Order granting Dorothy and Robert Pielet's Motion to Transfer Venue (C.P. 64). On November 18, 2004, James Pielet filed a Motion for Reconsideration on Motion to Transfer Case to the Northern District of Illnois(sic) (C.P. 70). The Motion for Reconsideration came before the Court on January 14, 2005. James Pielet, as well as the United States of America, argued that the majority of the unsecured debts reflected in the bankruptcy schedules, approximately $3,400,000, was the result of a judgment obtained by the United States of America against James Pielet. As a result of the judgment, the United States of America holds an alleged claim against the proceeds derived from a sale of James Pielet's Florida homestead. Therefore, the Court then concluded that the proper venue for this controversy would be the Southern District of Florida, and an Order Granting Motion for

Reconsideration of Motion to Transfer Case to the Northern District of Illinois and Determining Southern District of Florida to be the Appropriate Venue was entered on April 28, 2005. (C.P. 99).

On May 9, 2005, the United States of America filed a pleading titled "Urgent Status Report by the United States". (C.P. 101). In that pleading, the United States of America alleges that newly discovered evidence has been brought forward suggesting that James Pielet had not been candid with the Court or the parties on issues raised at the prior hearings regarding the transfer of venue. Specifically, the United States of America, which previously opposed the transfer of venue to Illinois, asserts, based on airline records, credit card statements and deposition testimony of James Pielet, that James Pielet spent less than 60 days in Florida and more that 120 days in Illinois in the 180 days preceding the filing of his bankruptcy petition. Therefore, the United States of America alleges that James Pielet was not in compliance with 28 U.S.C § 1408(1), requiring a debtor to be domiciled or to reside in the state in which the bankruptcy petition is filed for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180 day period than in any other place. As a result of the information brought to light by the United States of America, Dorothy and Robert Pielet's Motion to Reconsider Order Granting Debtor's Motion for Reconsideration of Motion to Transfer Case to the Northern District of Illinois was filed on May 12, 2005. Also on May 12, 2005, the United States of America filed a Motion for Reconsideration of the Court's April 28, 2005 Order on Venue. On August 9, 2005, the Court heard argument on the sole issue of the actual residence and domicile of James Pielet during the relevant time period preceding his filing for bankruptcy.

3

Federal Rule of Civil Procedure 60(b), which is incorporated in Bankruptcy Rule 9024, sets forth the following criteria which would warrant the granting of relief from a final judgment, order, or proceeding:

> (1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

F.R.Civ.P. 60(b)

The Court is satisfied after a thorough review of the record that the information proffered by the United States of America justifies the relief sought. The record supports a finding that James Pielet was neither a resident nor domiciliary of Florida on his petition date and instead was a resident of Illinois. Specifically, the Court is persuaded by the argument advanced by the United States of America that James Pielet spent the majority of the 180 day period prior to the filing of his bankruptcy in Illinois. The record further indicates that, although James Pielet owns real property in Florida, it appears that his residence is in Illinois where he also owns real property, conducts multiple business ventures, and lives with his wife and young children. Therefore, the Court finds that James Pielet is neither a resident nor domiciliary of Florida as required under 28 U.S.C § 1408(1) for the purpose of filing a bankruptcy petition and thus, is further unable to invoke Florida's exemption scheme as specified under 11 U.S.C § 522(b)(2)(A). Accordingly, it is

**ORDERED** that:

4

1. Dorothy and Robert Pielet's Motion to Reconsider Order Granting Debtor's Motion for Reconsideration of Motion to Transfer Case to the Northern District of Illinois is **GRANTED.**

2. This case (and all related adversary proceedings) shall be transferred immediately to the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

3. This Court reserves jurisdiction for the limited purpose of awarding fees and costs as are to be determined by this Court for the time expended to date by the professionals in this case. Any such approved fees and costs shall be paid out of that portion of the proceeds generated from the sale of the debtor's property presently held in a special escrow account at BankAtlantic, in the sum of $75,000.00. These escrowed amounts shall be retained by Harry Ross, Esquire, counsel to Debtor, pursuant to prior Court order, pending further order of this Court. The balance of the sales proceeds (i.e. the excess over $75,000.00) shall be transferred as directed by the United States Bankruptcy Court for the Northern District of Illinois.

###

**The Clerk of Court is directed to send copies to all creditors and interested parties.**