**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 06-01026 |
| | ) | |
| James Pielet | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon.  A. Benjamin Goldgar |

### APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED ATTORNEYS FOR THE TRUSTEE

Law Offices of Ilene F. Goldstein, Chartered ("IFG Chtd."), attorneys for Ilene F. Goldstein, Trustee, pursuant to §§330 of the United States Bankruptcy Code, request the entry of an Order authorizing and allowing an award of final compensation and reimbursement of expenses.  In its application, IFG Chtd. requests compensation for services rendered during the period January 24, 2007 to January 15, 2010.   For this period, IFG Chtd. seeks attorneys' fees for services rendered in the amount of $12,457.50 for 45.30  hours.  IFG Chtd. also requests that the Court order, allow and direct payment to it of $174.57 for reimbursement of expenses incurred in connection with its legal services. IFG Chtd. previously requested interim compensation for services rendered during the period of February 7, 2006  to January 22, 2007.  For this period, IFG Chtd. sought attorneys' fees for services rendered in the amount of $10,428.00 for 48.20 hours and requested payment of $370.00 for reimbursement of expenses incurred in connection with its legal services. The Court entered an award of interim compensation on     February 14, 2007 in the full amount requested.  IFG Chtd. now requests that the interim award be ordered as a final award of compensation.

In support of its application, IFG Chtd. respectfully states as follows:

**BACKGROUND**

1.     On June 15, 2004 a voluntary petition under Chapter 7 of the United States Bankruptcy Code was filed in the United States Bankruptcy Court for the Southern District of Florida known as Case No. 04-32902.  On or about February 2, 2006 the Honorable Steven H. Friedman entered an order directing that the case be transferred to the Northern District of Illinois, Eastern Division.  On  February 7, 2006, the case was transferred to the Northern District of Illinois, Eastern Division and given a new case number of 06-01026.

2.     Ilene F. Goldstein is the duly appointed, qualified and acting bankruptcy Trustee for the Bankruptcy Estate of James Pielet.

3.     Through her administration and liquidation of the Estate, the Trustee has currently recovered over  $2,390,000.00 and after the payment of all of the Court approved obligations and secured debt the Trustee has on hand over $667,000.00 of which all of those funds are available to the  Estate. IFG Chtd. at the initial stages of the case was required to on an emergency basis, review a case that had been pending for almost two years.  It was imperative, that IFG Chtd. understand the case as quickly as possible and determine if there were any bar dates that might affect the substantive rights of the Trustee and other creditors.  Due to the diligence of IFG Chtd., an order was uncovered in the myriad of pleadings in the case, entered many months before the transfer of the case, which had  a provision that only allowed  thirty days after the transfer of the case, to file an objection to claimed Florida exemptions and to the discharge of the Debtor.  Had IFG Chtd. not reviewed the case immediately, obtained documents, and spoken with creditors, and filed necessary pleadings,  it is likely that these dates would have expired.  Those dates were critical to the entire legal proceeding in the case as there were assets in Florida with a potential worth of $2,000.000.00 claimed as exempt.  In addition, there were recoveries that might be negotiated as a result of discharge analysis.  Other than other attorney fees

also pending before the Court, accountant fees and Trustee's statutory fees also pending

before this Court and reimbursement of filing fees that were deferred, there are no accrued

unpaid administrative expenses.

## INTRODUCTION

4.  IFG Chtd. assisted in the recovery by legal proceedings and negotiations as to

legal entitlement to the assets, securing for the Estate over $2,390,000.00 and after the

payment of all of the Court approved obligations and secured debt the Trustee has on hand

over $667,000.00 of which all of those funds are available to the Estate.

## RETENTION AND QUALIFICATION OF IFG CHTD.

5.  On March 10, 2006 this Court entered an order authorizing the retention of

Law Offices of Ilene F. Goldstein, Chartered as attorneys for the Trustee.

6.  IFG Chtd. has extensive experience in bankruptcy matters and in the

representation of bankruptcy trustees.

7.  As IFG Chtd. handled the legal proceedings, it became aware that the case

would require additional counsel to keep up with the fast- paced and multi- issued matters

that were occurring in different Courts on a daily or weekly basis.  Therefore on March 3,

2006, the Trustee filed an Application to employ Shaw Gussis Fishman Glantz Wolfson &

Towbin LLC ("Shaw Gussis"), as additional counsel, effective as of February 28, 2006.

On or about March 10, 2006, the Court conducted a hearing on the Retention Application

and entered an order authorizing the Trustee to retain Shaw Gussis as her counsel in the

Case, effective as of February 28, 2006.

## ALL SERVICES PERFORMED BY IFG CHTD. WERE REASONABLE AND
## NECESSARY

7.  Pursuant to §§ 330 of the Code and the generally applicable

criteria with respect to time, nature, extent and value of services performed, all of IFG

Chtd.'s services are compensable and the compensation requested is fair and reasonable.

All the legal services performed by IFG Chtd. to date were required for the proper representation of the Trustee in this Chapter 7 case.

IFG Chtd., as soon as it became aware of the necessity of additional counsel, voluntarily chose not to bill time that might be duplicative.  Great efforts were made to ensure  no duplication of services by members or associates of IFG Chtd. and Shaw Gussis.  As a matter of fact since March 10, 2006, when Shaw Gussis was hired , IFG Chtd. has only billed time as attorney for the Trustee on four occasions.[1]  These occasions were for two reasons: (i) Shaw Gussis specifically requested IFG Chtd. to review certain documents; and (ii) In order for the Trustee to review legal papers and to effectively participate and at times  argue and negotiate legal points it was necessary to review said documents.   In the latter part of 2009 IFG Chtd. took over the closing of the Estate, prepared and reviewed all of the claims and filed claims objections and prepared final fee petitions.  In the few instances where two or more attorneys participated in any matter, joint participation was deemed necessary due to the complexity of the problems involved.  IFG Chtd. has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals.  IFG Chtd. has also voluntarily chosen to not bill certain time and expenses and cut time already billed.   However, IFG Chtd. professionals may  have been required to conduct a limited number of strategy conferences as defined by In re Adventist Living Centers, Inc., 137 B.R. 701 (Bankr. N.D. Ill. 1991).

From the outset of this case, members of IFG Chtd. were instructed to avoid recording time entries which contained "lumping" as discussed in In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987).   In those instances in which more than one task is

---

[1]There were two additional time entries post March 10, 2006 for the purposes of preparing fee applications of IFG Chtd. and the Trustee.

contained within a time entry description, IFG Chtd. has specified within the time entry

description the amount of time attributable to each individual task.

8.      Itemized and detailed descriptions of the specific legal services rendered to

Trustee by IFG Chtd., after revision by the Trustee, are reflected on the billing statements

attached hereto as Exhibit A.  The billing statements set forth the initials of each person and

the amount of time spent rendering each service, the day on which such service was

rendered and a description of the nature of the services rendered.  Also attached as part

of this motion,  a summary of the fees and costs expended in each category of activity.

## ALL OF THE EXPENSES FOR WHICH IFG CHTD. SEEKS REIMBURSEMENT WERE NECESSARY

9.      IFG Chtd. incurred expenses in the amount of $174.57 in connection with its

representation of the Trustee during the period January 24, 2007 to January 15, 2010 for

which it now requests reimbursement.   IFG Chtd. maintained a system for recording

expenses in a manner which complies with the requirements of In re Convent Guardian

Corp., 103 BR 937 (Bankr. N.D. Ill. 1989).  IFG Chtd. continued to undertake extraordinary

efforts to attempt to manually input descriptions for document reproduction projects,

messenger deliveries, overnight delivery services and facsimile transmittals in order to

provide the greatest amount of detail for individual expense entries.   An itemized

breakdown of each of these expenses is included in the billing statements attached as

Exhibit A.  IFG Chtd. does not seek reimbursement for expenditures it has incurred in this

case which constitute overhead, such as ordinary postage charges and secretarial charges.

In re Adventist Living Centers, Inc., 137 BR 701.  IFG Chtd. is seeking reimbursement

primarily for expenses incurred for, among other things, document binding and reproduction

charges, messenger charges and delivery charges that were incurred in the service of

pleadings and mailing of notices to creditors and parties in interest.  For documents,

pleadings or correspondence which were delivered by messenger, telecopier or Federal

Express as opposed to delivery by first class mail, such expedited delivery was deemed

absolutely necessary in the exercise of discretion by the responsible attorney in order to

meet court deadlines or otherwise insure the efficient and orderly administration of services

to the Trustee.

Notwithstanding the fact that a limited number of the expenses included in IFG

Chtd.'s billing statements do not contain detailed descriptions, all of the aforesaid expenses

were actually incurred by IFG Chtd. and were necessary for the proper representation of

the Trustee in this case.  All the expenses incurred are specifically allocated to this case

and do not represent general overhead or other expenses unrelated to this case.

## NATURE OF SERVICES PERFORMED BY IFG CHTD.

### Routine and Miscellaneous Legal Matters

10.    IFG Chtd. was required to review certain documents on a broad spectrum

of matters in order for the Trustee to effectively participate in numerous matters, including

reviewing all substantive legal motions, settlement discussions and preparation of

documents.   Though the Trustee spent numerous times a week for over 10 months

consulting with Shaw Gussis, and/or participating in legal analysis, IFG Chtd. has chosen

to bill only those activities that were entirely necessary to maintain knowledge of the case.

That only occurred in four isolated instances.  During the latter part of 2009 IFG Chtd. took

over the closing of the Estate and in connection with that work prepared the final report and

all of the exhibits necessary to close the Estate.  In addition IFG Chtd. estimated time for

preparing the final report and any other necessary matters to close the Estate.

In connection with these services, IFG Chtd. expended 12.8 hours, for which

it seeks $3,520.00 in fees and reimbursable expenses of $75.00.  Set forth below in a chart

which summarizes the time expended by each professional in this category.

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 12.80 | $275.00 | $3,520.00 |
| TOTAL | 12.80 | | <u>$3,520.00</u> |

## Objections\Exemptions\Discharge\Claims

11.    As mentioned previously, it was imperative, that IFG Chtd. understand the case as quickly as possible and determine if there were any bar dates that might affect the substantive rights of the Trustee and other Creditors.  After reviewing numerous pleadings in the Florida Bankruptcy proceeding and due to the diligence of IFG Chtd., a determination was made that included in an order dealing with issues entered many months before the transfer of the case,  was a provision that should the case be transferred in the future, there would only  be  allowed thirty days after the transfer of the case, to file an objection to the claimed Florida exemptions and to the discharge of the Debtor.   Had IFG Chtd. not reviewed the case immediately, obtained documents, and spoken with creditors, and filed the necessary pleadings,  it is likely that these dates would have expired.  Those dates were critical to the entire legal proceeding in the case as there were assets in Florida with a potential worth of $1,000.000.00 claimed as exempt.  In addition, there were recoveries that might be negotiated as a result of discharge analysis.   IFG Chtd. obtained and reviewed documents and determined that extension of time on exemption and discharge issues would be imperative to have a successful outcome of the case. to examine the propriety of pursuing discharge issues as well as establishing the claims bar date.

In the latter part of 2009 IFG Chtd. took over the final closing of the Estate and review and objections to claims.  IFG Chtd. Was able to reduce a $330,000.00 claim to $0 as it was an inappropriately filed claim.   In addition IFG Chtd. reviewed the global settlement agreement and was able to determine payments on the creditor claims, determine subordinated payments and secured creditor payments.

In connection with these services, IFG Chtd. expended 21.10 hours, for

which it seeks $5,802.50 in fees and reimbursable expenses of $27.57. Set forth below in

a chart which summarizes the time expended by each professional in this category.

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 21.10 hours | $275.00 | $ 5,802.50 |
| TOTAL | 21.10 | | $5,802.50 |

## Retention/ Compensation of Professionals

12. IFG Chtd. prepared, reviewed and finalized the Trustee's first interim and final

statutory fee request. They prepared, reviewed and finalized IFG Chtd. request for interim

and final compensation. IFG Chtd. prepared the accountant's final fee application. They

appeared in Court on various fee hearings. In addition IFG Chtd. reviewed Shaw Gussis'

requests for first, second and final compensation.

In connection with the above services, IFG Chtd. expended 11.40 hours, for

which it seeks compensation in the amount of $3,135.00 for fees and $72.00 in expenses.

Set forth below is a chart which summarizes the time expended by each professional in this

category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 11.40 hours | $275.00 | $3,135.00 |
| TOTAL | 11.40 hours | | $3,135.00 |

## CONCLUSION

13.   The rates charged by IFG Chtd. in this fee application are its usual and customary rates charged during the period covered by this application for work performed for other clients in both bankruptcy and non-bankruptcy matters.

14.   IFG Chtd. has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by IFG Chtd. for services rendered to the Trustee in this case.

15.   IFG Chtd. has previously submitted a fee application in this case.

16.   IFG Chtd. has provided the Trustee with a draft of this application and certifies that the Trustee has approved the application.

WHEREFORE, IFG Chtd. requests the entry of an order:

A.   Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered final compensation in the amount of $12,457.50 for the actual, necessary and valuable professional services rendered to the Trustee during the period from January 24, 2007 to January 15, 2010.

B.   Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered reimbursement for its actual and necessary expenses of $174.57 as final reimbursement incurred in connection with such services.

C.   Awarding the previous payment to the Law Offices of Ilene F. Goldstein, Chartered of interim compensation in the amount of $10,428.00 for the actual, necessary and valuable professional services rendered to the Trustee during the period from February 7, 2006 through January 22, 2007 as final compensation.

D.   Awarding the previous payment to the Law Offices of Ilene F. Goldstein, Chartered reimbursement for its actual and necessary expenses of $370.00  incurred in connection with such services as final compensation;

E.   For such other and further relief as this Court deems appropriate.

Respectfully submitted by
Law Offices of Ilene F. Goldstein, Chartered
By:   ____/s/Ilene  F.  Goldstein___

One of Its Attorneys

Ilene F. Goldstein
Law Offices of Ilene F. Goldstein, Chartered
850 Central Avenue, Suite 200
Highland Park, IL 60035
(847) 926-9595

## TIME SUMMARY BY INDIVIDUAL

| Professional | Hours | Rate | Total |
|---|---|---|---|
| IFG | 45.30 | $275.00 | $12,457.50 |
| TOTAL | 45.30 | | $12,457.50 |

## TIME SUMMARY BY CATEGORY

| | Fees | Costs | Total |
|---|---|---|---|
| Routine\ Misc | $ 3,520.00 | $ 75.00 | $ 3,595.00 |
| Objections\Exemptions\ etc. | $ 5,802.50 | $ 27.57 | $ 5,830.07 |
| Retention of Professional | $ 3,135.00 | $ 72.00 | $ 3,207.00 |
| TOTAL | $12,457.50 | $174.57 | $12,632.07 |